**UNITED STATES DISTRICT COURT**
**SOUTHERN DIVISION OF FLORIDA**

**CHELSEY DIXON,**

             **CASE NO.:**

   Plaintiff,

v.

**CHIME FINANCIAL, INC.**

   Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

**INTRODUCTION**

1. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id*. Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id*., at 1693d-l. EFTA's ambit extends to the regulation of ATM transactions. 15 U.S.C. § 1693a(6).

2. CHELSEY DIXON ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Defendant CHIME FINANCIAL, INC. ("Defendant") with regard to multiple unauthorized electronic funds transfers.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Florida.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1693; and, 28 U.S.C. § 1367 for supplemental State claims.

9. This action arises out of Defendant's violations of (i) the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"); and, (ii) conversion.

10. Because Defendants conduct business within the State of Florida, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

12. Plaintiff is a natural person who resides in the State of Florida and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

13. Defendant is a corporation also operating in the State of Florida and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff is an individual residing within the State of Florida.

15. Plaintiff's account with Defendant constitutes an "account" as defined by 15 U.S.C. § 1693a(2); and, 12 C.F.R. 1005.2(b)(1).

16. On December 5, 2019, an imposter made multiple purchases without Plaintiff's authorization, knowledge, or consent utilizing funds associated with Plaintiff's card financed by Defendant.

17. Specifically, Plaintiff disputes a Wells Fargo ATM withdrawal in the amount of $445.00 as well as a $4.38 charge at a McDonalds.

18. A third transaction in the amount of $20.00 at a 7-Eleven located at 205 E. Dania Beach Boulevard in Dania, Florida was declined.

19. The Wells Fargo ATM where the fraudulent transaction occurred is located at 14731 Biscayne Boulevard, North Miami, Florida 33181.

20. At the time of the transactions, Plaintiff was working at a Wendy's located at 2071 Griffin Road, Fort Lauderdale, Florida 33312.

21. Plaintiff discovered these unauthorized transactions through a Chime Notification on Plaintiff's cellular telephone.

22. Plaintiff was shocked to see the transactions since Plaintiff did not authorize said withdrawals or charges and also because Plaintiff's debit card was in Plaintiff's possession.

23. Immediately thereafter, Plaintiff attempted to dispute the unauthorized charges with Defendant over the telephone.

24. During this telephonic communication, Plaintiff explained to Defendant that each of the three transactions were disputed and not authorized by Plaintiff since Plaintiff was working at the time they occurred.

25. Defendant asked that Plaintiff complete and return a Customer Statement of Disputed Transaction.

26. Plaintiff immediately complied with this request.

27. Following Defendant's lack of response, Plaintiff also submitted written disputes to Chime on December 9, 2019; and, December 10, 2019 (the "Written Disputes").

28. Each dispute provided additional information to support Plaintiff's contention that Plaintiff did not authorize the disputed transactions.

29. The Written Disputes identified Plaintiff's name; telephone number; e-mail; and, Defendant's claim ID associated with Plaintiff's dispute.

30. Plaintiff's Written Dispute also identified each fraudulent transaction by name; amount; and, location.

31. Plaintiff's Written Dispute identified fraudulent transactions for approximately $450.00.

32. Said Written Dispute indicated Plaintiff's belief that Defendant's records included an error and set forth the basis for Plaintiff's belief that multiple errors had occurred.

33. Despite all of this information, Defendant concluded through a form e-mail that Plaintiff's fraud disputes were rejected.

34. Defendant's response failed to provide an explanation regarding its decision to reject Plaintiff's claims.

35. Defendant did not make a good faith investigation of the unauthorized electronic fund transfers.

36. Defendant did not have a reasonable basis for believing that Plaintiff's account was not in error.
37. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.
38. Through this conduct, Defendant violated 15 U.S.C. § 1693f.
39. Defendant imposed liability on Plaintiff for the entirety of the disputed transactions and fees.
40. Through this conduct, Defendant violated 15 U.S.C. § 1693g(a).
41. The abovementioned withdrawals were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).
42. Defendant took Plaintiff's personal funds from Plaintiff's account thereby taking possession of, and assuming control over, monies owned by Plaintiff for Defendant's personal gain.
43. By withdrawing said funds, Defendant deprived and/or prevented access to Plaintiff's funds.
44. Such conduct amounts to civil theft of Plaintiff's property in violation of common law conversion.
45. Through this conduct, Defendant intentionally took monies from Plaintiff's bank account.
46. At all times, Plaintiff owned and/or had full possessory rights over the funds in Plaintiff's bank account.
47. At all times, Defendant had no possessory right to the funds in Plaintiff's bank account.
48. Defendant prevented Plaintiff from having access to said account and fully deprived Plaintiff of any possessory rights or enjoyment of Plaintiff's chattels or monies described above.
49. Through this conduct, Defendant acted in a manner that was oppressive, fraudulent, malicious and outrageous.
50. Through this conduct, Defendant harmed Plaintiff by wholly depriving Plaintiff of the full use, value and enjoyment of the chattels or monies described above.
51. Through this conduct, Defendant further caused Plaintiff to suffer emotional distress.
52. The conduct of Defendant was a substantial factor in causing Plaintiff this emotional distress and the harm described above in an amount to be proven at trial.

53. Through this conduct, Defendant committed conversion.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

### 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

56. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); treble damages pursuant to 15 U.S.C § 1693f, and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

### COUNT II

### CONVERSION

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. Defendant intentionally took monies from Plaintiff's bank account.

59. At all times, Plaintiff owned and/or had full possessory rights over the funds in Plaintiff's bank account.

60. At all times, Defendant had no possessory right to the funds in Plaintiff's bank account.

61. Defendant prevented Plaintiff from having access to and fully deprived Plaintiff of any possessory rights or enjoyment of Plaintiff's chattels or monies described above.

62. The conduct of Defendant was oppressive, fraudulent, malicious and outrageous.

63. Defendant harmed Plaintiff by fully depriving Plaintiff of the full use, value and enjoyment of the chattels or monies described above.

64. Defendant further caused Plaintiff to suffer emotional distress.

65. The conduct of Defendant was a substantial factor in causing Plaintiff this emotional distress and the harm described above in an amount to be proven at trial.

Plaintiff is entitled to punitive and exemplary damages in an amount to be established at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff;

- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;
- An award of treble damages pursuant to 15 U.S.C § 1693f;
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- General damages according to proof for Plaintiff;
- Special damages according to proof for Plaintiff;
- Loss of earnings according to proof for Plaintiff;
- Costs of suit incurred herein;
- Punitive damages according to proof as to Plaintiff's conversion causes of action against Defendant for Plaintiff;
- Any and all other relief the Court deems just and proper.

Dated: April 8, 2020

Respectfully submitted,

<u>/s/ Jonathan Benjamin</u>
JONATHAN BENJAMIN
Florida Bar No. 91315
**BENJAMIN LAW PRACTICE, PLLC**
4581 Weston Road, Suite 155
Weston, FL 33331
Telephone: (954) 716-8362
Facsimile: (954) 477-8020
Attorney for Plaintiff,
**CHELSEY DIXON**

<u>/s/ Matthew M. Loker</u>
MATTHEW M. LOKER
*Pro hac vice application pending*
**LOKER LAW, APC**
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

Attorney for Plaintiff,
**CHELSEY DIXON**